UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER JANINE LANGE,

      Plaintiff,

v.                                            Case No:   2:17-cv-614-FtM-DNF

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____

## OPINION AND ORDER

Plaintiff, Jennifer Janine Lange, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

#### A. Social Security Act Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for a period of disability and DIB in November 2015 and an application for SSI in January 2016. (Tr. 15, 211-17). In both applications Plaintiff alleged disability beginning January 4, 2014. (Tr. 15, 211). Plaintiff's applications were denied initially on April 19, 2016, and upon reconsideration on September 28, 2016. (Tr. 152-54, 156-58, 162-71). At Plaintiff's request, an administrative hearing was held before Administrative Law Judge William G. Reamon (the "ALJ") on May 25, 2017. (Tr. 36-86). On June 28, 2017, the ALJ entered a decision finding that Plaintiff was not under a disability from the alleged onset date of January 4, 2014, through the date of the decision. (Tr. 15-29). Plaintiff appealed the ALJ's decision and the Appeals Council denied Plaintiff's request for review on September 14, 2017. (Tr. 1-7). Plaintiff initiated the instant action by filing a Complaint (Doc. 1) on November 8, 2017.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 4, 2014, her alleged onset date. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar and cervical disease, degenerative joint disease of the right shoulder with labral tear, affective disorder, and anxiety disorder. (Tr. 18). At step three, the ALJ found that Plaintiff did

not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can frequently balance, stoop, kneel, crouch, crawl, and climb ramps, stairs, ladders, ropes and scaffolds. She can frequently reach overhead with right upper extremity. She should avoid exposure to dangerous machinery and unprotected heights. She is limited to SVP 2 work that involves no more than occasional interaction with the general public and supervisors and occasional work setting adjustments.

(Tr. 20). At step four, the ALJ found that Plaintiff was unable to perform her past relevant work as a sales clerk, waitress, cashier checker, and hand packager. (Tr. 27).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant number in the national economy that should could perform. (Tr. 28). Relying on the testimony of a vocational expert, the ALJ identified the following jobs: housekeeper, garment sorter, and small parts assembler. (Tr. 28). The ALJ concluded that Plaintiff was not under a disability from January 4, 2014, through the date of the decision, June 28, 2017. (Tr. 29).

## II.     Analysis

Plaintiff raises a single issue on appeal: whether the ALJ erred by failing to properly evaluate the opinion of Licensed Mental Health Counselor Keith Fendelander. (Doc. 20 p. 7-10). Plaintiff argues that the ALJ erred by failing to accord weight to Mr. Fendelander's opinion in compliance with 20 C.F.R. § 404.1527. (Doc. 20 p. 7). In response, Defendant argues that the ALJ properly considered Mr. Fendelander's opinion and substantial evidence supports his decision to give it "mild" weight. (Doc. 20 p. 10-11).

The record shows that Mr. Fendelander completed a mental RFC assessment of Plaintiff in May 2017. (Tr. 809-12). The report states that Mr. Fendelander's facility had been treating Plaintiff monthly since November 3, 2015, for bipolar, chronic PTSD, and anxiety disorder. Mr. Fendelander indicated there is evidence of current drug or alcohol abuse, but the impairment would exist in the absence of the drug or alcohol abuse. (Tr. 810). Mr. Fendelander indicated that during his treatment of Plaintiff, she had a GAF (Global Assessment of Functioning) score of no higher than forty-nine out of a possible one-hundred over the preceding twelve months, indicating that Ms. Lange has serious symptoms or impairments to occupational functioning. Mr. Fendelander circled entries indicating that Plaintiff had marked and extreme limitations with: understanding and memory; sustained concentration and persistence; social interaction; and ability to adapt to situations. Marked was defined as the ability to function in this area is seriously limited and extreme was defined as the ability to function in this area is precluded. (Tr. 810).

In his decision, the ALJ explained the weight assigned to Mr. Fendenlander's opinion as follows:

> Lastly, the undersigned considered the opinion of Keith Fendelander, LMHC, who submitted a medical source statement and opined that the claimant has marked to extreme limitations in understanding and memory, sustaining concentration, persistence, and pace, social interaction, and adaption. Mr. Fendelander further opined that the claimant would miss 20 days of work per month (Exhibit 21F). Mild weight is given to this assessment. Mr. Fendelander is not an acceptable medical source as defined by Social Security regulations (20 CFR 404.1513 and 416.913(a)). Secondly, the claimant has been noncompliant with medication adherence and psychiatric counseling. The long treatment gaps in the claimant's psychiatric care also do not provide support for these severe ratings. Moreover, the claimant has demonstrated normal memory on several occasions (e.g. Exhibit 4F at 9, 6F at 7, l0F at 4, l3F at 5). Her cognition has been intact (Exhibit 5F at 16, 7F at 4, and 14F at 4). She has also been described as pleasant and cooperative (Exhibit 5F at 4, 1 lF at 6, 14F at 4, and l6F at 18). She is independent with personal care and does not need reminders to bathe (Hearing Testimony). In fact, the claimant has generally presented appropriately dressed with good hygiene (Exhibit 5F

>     at 16, 7F at 3, and 14F at 4). These findings contradict allegations of
>     marked to extreme functional limitations as indicated by Mr. Fendelander.

(Tr. 27).

Upon review of the parties' arguments and the record, the Court finds no error in the ALJ's treatment of Mr. Fendelander's opinion. As the ALJ noted, Mr. Fendelander was not a physician or other acceptable medical source and was instead an "other" source (Tr. 27). *See* 20 C.F.R. §§ 404.1502, 404.1513(a)(2), 416.902, 416.913(a)(2); *Farnsworth v. Soc. Sec. Admin.*, 636 F. App'x 776, 783-84 (11th Cir. 2016). Because other sources are not acceptable medical sources, their opinions are not medical opinions and are not entitled to any special significance or consideration. *See* 20 C.F.R. §§ 404.913(a), 404.1527(a)(2), 416.913(a), (d), 416.927(a)(2); *Farnsworth*, 636 F. App'x at 783-84; *Szilvasi v. Comm'r, Soc. Sec. Admin.*, 555 F. App'x 898, 901 (11th Cir. 2014). And because Mr. Fendelander was not an acceptable medical source, he could not be considered a treating source. See 20 C.F.R. §§ 404.1502, 404.1513(a)(2), 416.902, 416.913(a)(2); *Medina v. Soc. Sec. Admin.*, 636 F. App'x 490, 493 (11th Cir. 2016). Thus, Plaintiff's argument that this opinion should be given significant weight as that of at treating source is without merit.

While Mr. Fendelander was not a treating source, the ALJ nevertheless considered his opinion at length and gave reasons for discounting the opinion. In addition to noting that Mr. Fendelander was not an acceptable medical source, the ALJ found that his opinion is inconsistent with the record. (Tr. 27). As the ALJ discussed, Plaintiff has been noncompliant with her medication and therapy and has had long gaps in treatment. (Tr. 27). Furthermore, the record shows that Plaintiff's cognition has been intact; she has been pleasant and cooperative; and has had good judgment. (Tr. 27).

Plaintiff has failed to show that the ALJ erred in his treatment of Mr. Fendelander's opinion. Accordingly, the Court affirms the ALJ's decision.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 15, 2019.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties